UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
EDWARD PERRY,

                Plaintiff,

        - against -

PEOPLE OF THE STATE OF NEW YORK,

                Respondent.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
09-CV-4557 (PKC)

PAMELA K. CHEN, United States District Judge:

Edward Perry ("Petitioner") brings this *pro se* Petition for a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, attacking his August 18, 2006 State court conviction. Petitioner claims that (1) the trial court abused its discretion by denying his request to withdraw his guilty plea and (2) he received ineffective assistance from his trial counsel. For the reasons set forth below, the *habeas* petition is denied in its entirety.

## BACKGROUND

### I. RELEVANT FACTUAL HISTORY

On September 13, 2003, Petitioner intentionally shot and killed David Simmons. (Affirmation in Opposition to Petition for a Writ of *Habeas Corpus*, Dkt. 7 ("Resp't Aff.") ¶ 3.)[1] The Suffolk County Police Department, Homicide Squad, recovered the gun and Petitioner signed a confession admitting his guilt. (*Id.*) For this crime, Petitioner was charged with one count of Murder in the Second Degree, in violation of New York Penal Law § 125.25. (Dkt. 7-2 at 1 ("Resp't Mem.").)

---

[1] All determinations of factual issues made by the State court are presumed to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## A. THE PLEA PROCEEDINGS

On March 16, 2006, Petitioner, represented by counsel, pled guilty to the lesser included offense of Manslaughter in the First Degree, in violation of New York State Penal Law § 125.20. (P. at 4-5.)[2] At the plea proceeding, Petitioner conceded that on September 13, 2005, he shot and killed David Simmons, with the intention of causing serious physical injury. (P. at 11.) Petitioner also acknowledged that he understood the consequences of his plea and expressly waived his rights to a trial by jury, have the prosecution prove its case beyond a reasonable doubt, cross-examine witnesses, testify on his own behalf, and any appellate rights. (P. at 5-6.) Moreover, Petitioner stated that he was not under the influence of any drugs, medication, or alcohol at the time of his guilty plea, and that nobody had forced, threatened, or coerced him to plead guilty. (P. at 7.) Lastly, Petitioner confirmed his understanding that his sentence would likely be "a determinate period of incarceration of 23 years in state prison, plus a period of 5 years post-release supervision." (P. at 8.)

## B. THE SENTENCING

After Petitioner's guilty plea, but before sentencing, Petitioner filed *pro se* motions seeking to withdraw his guilty plea and to replace his counsel. (*See* Pet. to Withdraw Plea, included in Dkt. 8.) As a result of said motions, the criminal court requested that the Suffolk County Probation Department re-interview Petitioner. (Letter dated August 4, 2006, from Ronald H. Shepard, Supervising Probation Officer, included in Dkt. 8.) During the interview, Petitioner alleged that his attorney "talked him into copping out." (*Id.*) Petitioner further alleged that as a result of a

---

[2] Numbers preceded by "P" refer to the pages of the plea minutes of Petitioner's March 16, 2006, guilty plea; numbers preceded by "S" refer to the August 18, 2006, sentencing minutes, both of which are included in Docket 8, or the State Court Record.

2

head injury sustained in a 1993 car accident, he needs to take Adderal and "Sylert." (*Id.*)[3] Petitioner stated that at the time he was arrested for the instant underlying offense, he had been out of jail for less than a month and had not had the opportunity to obtain his medication at the time of his guilty plea. (*Id.*) The probation report recommended that Petitioner receive a period of imprisonment as mandated by the law. (*Id.*)

On August 17, 2006, Suffolk County Court Judge Andrew A. Crecca denied Petitioner's application to withdraw his guilty plea. (*See People v. Perry*, No. 2215-05, slip op. at 1-3 (Suffolk Cnty. Court filed Aug. 17, 2006), included in Dkt. 8.) Judge Crecca's decision noted that he had conducted a lengthy allocution prior to accepting Petitioner's guilty plea, to ensure that Petitioner understood the nature and consequences of his plea, including an explanation as to what sentence Petitioner would receive. (*Id.* at 2.) Moreover, the decision noted that Petitioner stated that he was pleading guilty of his own free will. (*Id.* at 3.) The Court concluded that Petitioner was fully aware of what was occurring and what he was doing by pleading guilty. (*Id.*)

On August 18, 2006, Petitioner appeared for sentencing accompanied by the same attorney who represented him at the guilty plea. (S. at 3.) At sentencing, Petitioner was given a written copy of Judge Crecca's order denying his request to withdraw his guilty plea and his request to replace his counsel. (S. at 2; Resp't Aff. ¶¶ 9-10.) The Court sentenced Petitioner to the agreed-upon sentence of twenty-three years, plus five years' post-release supervision. (S. at 9.)

## II. PROCEDURAL HISTORY

With new counsel, Petitioner appealed his conviction to the Supreme Court of the State of New York, Appellate Division, Second Department ("Appellate Division"). Petitioner's brief

---

[3] Petitioner appears to be referring to Cylert, a medication commonly used to treat Attention Deficit Disorder. *See* http://whatmeds.stanford.edu/medications/pemoline.html.

asserted that the trial court's denial of his motion to withdraw the guilty plea and to have new counsel assigned improperly limited his ability to support his arguments, and constituted reversible error. (Appellant's Br. at 6, included in Dkt. 8 ("App't Br.").)

The Appellate Division affirmed Petitioner's conviction, holding that:

> To the extent that the defendant's contentions regarding the alleged involuntariness of his guilty plea and the ineffectiveness of his counsel can be reviewed in light of his waiver of his right to appeal, the record refutes his claims. To the extent that the defendant's claims are predicated on matter dehors the record, they may not be reviewed on direct appeal.

*People v. Perry*, 874 N.Y.S.2d 384, 384 (N.Y. App. Div. 2009) (citations omitted). On June 4, 2009, the New York Court of Appeals denied Petitioner's application for leave to appeal. *People v. Perry*, 12 N.Y.3d 919 (N.Y. 2009).

On September 28, 2009, Petitioner timely submitted this Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254. (Dkt. 1.) Petitioner seeks relief on the following grounds: (1) abuse of discretion on the part of the trial court, by refusing to allow Petitioner to withdraw his guilty plea, and (2) ineffective assistance of trial counsel. (*Id.* at 1) Respondent opposes the petition. (Resp't Aff. ¶ 2.)

## DISCUSSION

Under 28 U.S.C. § 2254, a federal district court is empowered to "entertain an application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

## I. EXHAUSTION REQUIREMENT AND PROCEDURAL BARS

In order to obtain relief under 28 U.S.C. § 2254, an individual in custody must demonstrate, *inter alia,* that he has: (1) exhausted all of his potential State court remedies; (2) asserted his claims

4

in his State appeals such that they are not procedurally barred from federal *habeas* review; and (3) satisfied the deferential standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), if his appeals were decided on the merits. *Philbert v. Brown,* 1:11–CV–1805, 2012 WL 4849011, at *5 (E.D.N.Y. Oct. 11, 2012). A federal court may not grant a writ of *habeas corpus* unless a petitioner has exhausted the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A). A petitioner exhausts State court remedies by fairly presenting each federal claim for relief to the highest State court capable of review. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied."); *Jackson v. Edwards*, 404 F.3d 612, 618 (2d Cir. 2005). "The purpose of the exhaustion requirement is to ensure that a state court is given the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *Jackson,* 404 F.3d at 618 (quoting *Picard,* 404 U.S. at 275). Consistent with this principle, "a state prisoner [must] present the state courts with the same claim he urges upon the federal courts." *Picard,* 404 U.S. at 276.

## II. REVIEW OF STATE COURT MERITS ADJUDICATIONS

Where a State court reaches the merits of a claim asserted in a § 2254 *habeas* petition, the State court's decision is entitled to a deferential standard under AEDPA, which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence in the State court proceeding.

*Id.* § 2254(d); *see also Ryan v. Miller*, 303 F.3d 231, 245 (2d Cir. 2002).

A State court decision is "contrary to" clearly established federal law if "the state court reached a conclusion of law that directly contradicts a holding of the Supreme Court" or, "when presented with 'facts that are materially indistinguishable from a relevant Supreme Court precedent,'" the State court arrived at an opposite result. *Evans v. Fischer*, 712 F.3d 125, 132 (2d Cir. 2013) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). A State court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. The Court cautions, however, that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410; *see also Grayton v. Ercole*, 691 F.3d 165, 174 (2d Cir. 2012) ("[T]he writ may only issue where the state court's application of the law was not only wrong, but unreasonable."). A federal court may only "issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

## I. PETITIONER'S CLAIMS

### A. Knowing and Voluntary Plea

Petitioner argues that the trial court erred in denying his motion to withdraw his guilty plea. (Dkt. 1, Statement of Facts at 1, 3.) The Appellate Division adjudicated this claim on the merits and held that with respect to "defendant's contentions regarding the alleged involuntariness of his guilty plea . . . the record refutes his claims." *People v. Perry*, 874 N.Y.S.2d at 384 (citation omitted). Where, as here, Petitioner's claim was adjudicated on the merits in State court, AEDPA deference applies. Under that standard, Petitioner's claim is denied.

As noted, under AEDPA's deferential standard, *habeas* relief may be granted only if the State court's decision "was contrary to, or involved an unreasonable application of, clearly

established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). The Supreme Court has held that, "[t]he longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart,* 474 U.S. 52, 56 (1985) (internal quotation marks and citations omitted); *see also Parke v. Raley,* 506 U.S. 20, 28–29 (1992) (plea is valid when it is both knowingly and voluntarily made); *Boykin v. Alabama,* 395 U.S. 238, 242–43 (1969). "A plea is considered 'intelligent if the accused had the advice of counsel and understood the consequences of his plea, even if only in a fairly rudimentary way,' and it is considered 'voluntary' if it is not the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally.'" *Manzullo v. People of New York,* 07-CV-744, 2010 WL 1292302, at *5 (E.D.N.Y. Mar. 29, 2010) (quoting *Miller v. Angliker,* 848 F.2d 1312, 1320 (2d Cir.1988)).

In determining whether a plea was knowing and voluntary, "open court declarations 'carry a strong presumption of verity.'" *Lynch v. United States*, 309 F. App'x 487, 489 (2d Cir. 2009) (quoting *United States v. Maher*, 108 F.3d 1513, 1530 (2d Cir. 1997)). A State court's determination of the voluntariness of a defendant's guilty plea is a factual issue that is entitled to a presumption of correctness on *habeas* review. See 28 U.S.C. § 2254(e)(1); *Demosthenes v. Baal*, 495 U.S. 731, 735 (1990); *Senna v. Patrissi*, 5 F.3d 18, 20 (2d Cir. 1993). On collateral review, a Court may only vacate a guilty plea where the petitioner can establish that the plea was not made knowingly and voluntarily. *See Salas*, 139 F.3d at 324; *United States v. Perrone*, 90 Cr. 31–03, 2015 WL 708604, at *2 (S.D.N.Y. Feb. 11, 2015); *Rosario*, 2014 WL 2600169, at *11.

Here, the record is devoid of any evidence indicating that Petitioner's guilty plea was anything less than voluntary, knowing, and intelligent, or that the State court's decision was

7

contrary to established law. Indeed, the plea minutes demonstrate that Petitioner was informed and aware of the consequences of his guilty plea, and that Petitioner fully recognized the nature of the charges against him and the rights he was waiving by entering a guilty plea. (P. at 5-6.) He assured the trial court that he understood the rights he would be giving up by pleading guilty, including his rights to a jury trial, to require the People to call witnesses and testify against him, to have his attorney question those witnesses, to testify in his own defense, and to require the People to prove his guilt beyond a reasonable doubt. (P. at 6-7.) He also agreed to waive his right to appeal his conviction. (P. at 7.) Petitioner further confirmed that it was his choice to plead guilty and that he had conferred with his attorney regarding the decision. (P. at 7-8.) Notably, Petitioner also specifically acknowledged that it was likely he would be sentenced to 26 years of imprisonment.

Petitioner makes two arguments in response: (1) his plea was made under duress, and (2) he has a low IQ or should have been on medication at the time of his plea. Both arguments are unavailing. First, Petitioner asserted in his *pro se* motion to vacate his guilty plea that he pled guilty because he was forced to do so by Judge Crecca and by his attorney. (Pet. to Withdraw Plea at 2.) In support of this, he alleged that Judge Crecca told him to "either take the 23 yrs. or 35 to life if he goes to trial." (Pet. Mem. at 3 (labeled "Matter of Law"), included in Dkt. 8.) However, Petitioner may not invalidate his own plea by claiming it was motivated by the fear of a significantly greater sentence; such fear does not constitute compulsion or force that renders a defendant's decision to plead guilty involuntary. *See Brady v. United States*, 397 U.S. 742, 751–52 (1970) (holding that a guilty plea is constitutionally valid where it is "motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by

law for the crime charged."); *see also United States v. Davis*, 906 F. Supp. 2d 305, 311 (S.D.N.Y. 2012) ("The threat of a long sentence is not enough to transform an otherwise voluntary plea into an involuntary one.").

Second, to the extent that Petitioner now seeks to argue that his plea was not knowing and voluntary because he has a low IQ or that he should have been on medication at the time of his plea, his arguments fail. (Dkt. 1, Statement of Facts at 1.) Here, the State court was under no obligation to inquire into Petitioner's medication regimen or history of mental illness to satisfy due process requirements. *See Rought v. Stallone*, 12-CV-622, 2014 WL 98702, at *11 (N.D.N.Y. Jan. 9, 2014) ("[t]he Due Process Clause does not require a competency hearing in every case; a hearing is required only if the court has 'reasonable cause' to believe that the defendant has a mental defect rendering him incompetent."); *Royster v. Perez*, 08 CV 131, 2009 WL 1505278, at *4 (E.D.N.Y. May 28, 2009) (rejecting challenge to validity of guilty plea based on trial court's failure to inquire into history of mental illness and the medications taken by petitioner).

Accordingly, the Court finds that the State court's determination that Petitioner's guilty plea was voluntary, knowing, and intelligent was not unreasonable. The trial court conducted a thorough discussion with Petitioner and even informed him of the sentence he likely would receive by pleading guilty. Therefore, the Appellate Court's affirmance of the trial court's decision was not an unreasonable application of clearly established Supreme Court precedent, nor an unreasonable determination of the facts in light of the evidence presented in the trial court proceeding. *People v. Ross,* 861 N.Y.S.2d 69 (N.Y. App. Div. 2008) (citations omitted); *see Ryan v. Miller,* 303 F.3d 231, 245 (2d Cir. 2002).

### B. Ineffective Assistance of Counsel

Petitioner next argues that he was denied effective assistance of counsel because his trial attorney failed to correctly advise him of the duration of the sentence that the Court would impose

9

upon his plea of guilty. (Dkt. 1, Statement of Facts at 2.) Specifically, Petitioner alleges that his attorney indicated to him that his sentence would be no more than eight years with five years of post-release supervision. (*Id.*) Respondent asserts that Petitioner's ineffective assistance of counsel claim is unexhausted and procedurally barred as he failed to raise this claim in his direct appeal. (Resp't Mem. at 10.)

In Petitioner's brief on direct appeal, the sole issue raised was whether it was an abuse of discretion for the trial court to deny Petitioner's application to withdraw his guilty plea and have new counsel assigned to represent him. (*See* App't Br.) Although Petitioner failed to raise ineffective assistance of counsel as a separate claim on direct appeal, his appellate counsel mentioned that a claim of ineffective assistance of counsel was noted in Petitioner's motion to vacate his guilty plea. (App't Br. at 6.) The Appellate Division took note of this issue and summarily dismissed it: "[t]o the extent that the defendant's contentions regarding . . . the ineffectiveness of his counsel can be reviewed in light of his waiver of his right to appeal, the record refutes his claims." *See Perry*, 874 N.Y.S. at 384 (citation omitted). The Appellate Division's summary rejection of Petitioner's ineffective assistance of counsel claims is an adjudication on the merits entitled to AEDPA's deferential standard of review. *See Hawthorne v. Schneiderman*, 695 F.3d 192, 196 (2d Cir. 2012) ("AEDPA unquestionably requires deference to a state court's 'summary disposition' of an appeal."); *Howard*, 406 F.3d 122 (2d Cir. 2005) ("A claim need not be addressed in detail by a state court to have been adjudicated on the merits.").

The Sixth Amendment's right to counsel extends to the plea-bargaining process and sentencing. *See Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012); *Munson v. Rock*, 507 F. App'x 53, 56 (2d Cir. 2013); *Boyd v. Griffin*, 11 CV 324, 2014 WL 1797477, at *13 (E.D.N.Y. May 7, 2014). Here, to prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate that

(1) "counsel's representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 680 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Chhabra v. United States,* 720 F.3d 395, 406 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Bennett v. United States*, 663 F.3d 71, 85 (2d Cir. 2011)).

*Strickland*'s first prong requires a showing that counsel's performance was deficient. However, "[c]onstitutionally effective counsel embraces a 'wide range of professionally competent assistance,' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Greiner v. Wells,* 417 F.3d 305, 319 (2d Cir. 2005) (quoting *Strickland,* 466 U.S. at 690). Here, there is no indication that counsel's conduct was "unreasonably deficient under prevailing professional standards." *Nosov v. United States*, 526 F. App'x 127, 128 (2d Cir. 2013) (citing *Strickland,* 466 U.S. at 687, 694). The transcript of the plea proceedings establishes that Petitioner's guilty plea was entered knowingly and voluntarily on the advice of competent counsel. The Court inquired whether Petitioner had discussed the plea with his attorney, whether Petitioner had had enough time to discuss the matter with his attorney, and whether Petitioner understood the terms of the plea agreement. (P. at 5.) There is no evidence of Petitioner's inability to understand the nature of the charges and the consequences of his guilty plea. *See United States v. Gonzalez,* 970 F.2d 1095, 1101 (2d Cir. 1992) (finding that "the District Court could properly reject [petitioner's] unsupported allegations that his plea was the result of reliance on his attorney's incorrect characterization of the agreement and transmittal of an alleged promise made by the prosecutor

11

[because] . . . these unsupported allegations . . . merely contradicted [petitioner's] earlier statements made under oath at his plea allocution") (citations omitted).

Furthermore, the record undercuts Petitioner's claim that his attorney had informed him that by pleading guilty, he would receive a term of imprisonment of no more than eight years and five years post supervision. (Dkt. 1, at Statement of Facts 3.) The transcript of the plea proceedings demonstrates that Petitioner was fully informed of the terms of his plea agreement, including the likely sentence he faced by pleading guilty. (P. 2-3.) Judge Creca confirmed on the record that Petitioner was likely to be sentenced to a 23-year term of imprisonment:

> The Court: It will be a 23 year determinate sentence plus 5 years post-release supervision?
>
> [Prosecutor]: Yes, sir.
>
> The Court: And that's your understanding, too, Mr. Fondulis?
>
> [Defense Counsel]: Yes.

(P. at 3.)

Judge Creca went on to ensure that Petitioner understood the sentence he was facing:

> The Court: I anticipate that at the time of sentencing I am going to sentence you to a determinate period of incarceration of 23 years in state prison, plus a period of 5 years post-release supervision. Is that your understanding of what the sentence in this case will be? . . . .
>
> Petitioner: Yes, it is.

(P. at 8.)

That Petitioner was explicitly and accurately advised of the likely sentence he faced by pleading guilty undermines his ineffectiveness claim. In the context of a guilty plea, the test under *Strickland* is "whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea."

12

*United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (quoting *Ventura v. Meachum*, 957 F.2d 1048, 1058 (2d Cir. 1992)). Here, the record reflects that Petitioner was made aware of the 23-year sentence he was facing at the time of his guilty plea, and that, despite claiming that his attorney had advised him differently, raised no objection and pled guilty. (P. at 12.) Petitioner has thus failed to show that he received advice from his counsel that was not within acceptable standards and that his counsel's performance was objectively unreasonable.

Moreover, even if Petitioner could satisfy the first prong of *Strickland*, Petitioner has failed to demonstrate that he was prejudiced by his trial attorney's actions. Where, as here, the trial court clearly advises a defendant of the terms and consequences of his guilty plea, he cannot show prejudice for purposes of an ineffective assistance claim. *See, e.g.*, *Arteca,* 411 F.3d at 320; *Jaafar v. United States*, 12 CV 3321, 2015 WL 893571, at *9 (E.D.N.Y. Mar. 2, 2015) (finding that the prejudice prong of the *Strickland* standard could not be established where the court advised the defendant of the consequences of his plea); *Wang v. United States*, 10 CV 4425, 2011 WL 73327, at *5 (E.D.N.Y. Jan. 10, 2011) (same).

Similarly, Petitioner cannot demonstrate that the outcome of his case would have been different but for his trial attorney's performance. *Strickland*, 466 U.S. at 694 (Petitioner must show "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). Petitioner was charged with Murder in the Second Degree, but was permitted to plead guilty to the lesser included offense of Manslaughter in the First Degree pursuant to his deal with the prosecution. (P. at 2-3.) Petitioner thus received a favorable plea agreement with his counsel's assistance. (P. at 4.) Had Petitioner proceeded to trial on the second-degree murder charge, and been found guilty, he could have received a much longer sentence. *See* N.Y. Penal Law § 70.00(2)(a) (establishing a sentencing maximum of life

13

imprisonment for murder in the second degree); Penal Law § 70.00(3)(a)(i) (setting a minimum sentence of fifteen to twenty-five years for the same offense). Petitioner therefore cannot demonstrate that he was prejudiced by any advice he may have received from his counsel, or that the outcome of his case would have been different but for that advice.

Accordingly, the State court's decision that Petitioner's ineffective assistance of counsel claim lacks merit was not contrary to or an unreasonable application of clearly established Federal law.

## CONCLUSION

For the foregoing reasons, there is no basis for granting Petitioner *habeas corpus* relief under 28 U.S.C. § 2254. The petition for a writ of *habeas corpus* is denied in its entirety. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-485 (2005) (discussing the standard for issuing a certificate for appealability when the Court has rejected the constitutional claims on the merits); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Clerk of the Court shall enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 10, 2016
      Brooklyn, New York